```
                IN THE UNITED STATES DISTRICT COURT

                    FOR THE DISTRICT OF OREGON
```

CLARENCE WESLEY HURT III,                          CV. 06-1024-PK

        Plaintiff,                              ORDER

    v.

MULTNOMAH COUNTY, MULTNOMAH
COUNTY DEPARTMENT OF COMMUNITY
JUSTICE, and MULTNOMAH COUNTY
SHERIFF'S DEPARTMENT,

        Defendants.

HAGGERTY, District Judge.

    Plaintiff in this civil rights action filed what the court construed as a Motion for Temporary Restraining Order (#1), Supplemental Letter (#3), and Motion for Unlimited Access to Pencil and Paper (#9). In his Motion for a Temporary Restraining Order, plaintiff alleges that his life is in imminent danger because there is a conspiracy to commit murder in the Multnomah County Detention Center (MCDC) where he is housed, and that guards at the MCDC assaulted him. Plaintiff asks the court to issue an Order

1 - ORDER

directing defendants not to move, change, or liquidate any their assets or financial holdings to avoid this legal action.

In his Motion for Unlimited Access to Pencil and Paper, plaintiff alleges that due to his physical disability and the fact that his right hand is in a splint, he needs unlimited access to pencil and paper in order to secure his right to access the courts.

Defendants contend that plaintiff has failed to provide specific facts or other evidence to substantiate the allegations contained in his Motions. Defendants note that plaintiff did report to corrections health with a complaint that he caught his hand in the food port, and that corrections health took an X ray, which was negative, and put his hand in a splint. According to defendants, a physician has since examined plaintiff and found that his hand is fine. Consequently, he no longer requires or wears a splint. In addition, defendants argue that there is no record that plaintiff suffers from a terminal illness or any other medical condition that prevents him from drafting court documents.

Furthermore, defendants advise that petitioner is on Level 5 disciplinary status as a result of his behavior within MCDC. Defendants claim that Level 5 is reserved for "those inmates who display constant behavioral problems and present continued disruption to the general facility population and the safe and orderly operation of the facility." Defendants' Response to Plaintiff's Request for Temporary Restraining Order (#14), p. 2.

2 - ORDER

In an effort to prevent difficult inmates from creating fire hazards with paper or from turning pencils into weapons, Level 5 inmates receive 3 sheets of paper and 2 short pencils each day. Defendants argue that these limitations on the issuance of pencils and paper serve legitimate penological interests.

## STANDARDS

To obtain preliminary injunctive relief in the Ninth Circuit, a party must meet one of two alternative tests.[1]  Under the "traditional" standard, preliminary relief may be granted if the court finds:  (1) the moving party will suffer irreparable injury if the preliminary relief is not granted; (2) the moving party has a likelihood of success on the merits; (3) the balance of potential harm favors the moving party; and 4) the advancement of the public interest favors granting injunctive relief.  Burlington N.R.R. v. Department of Revenue, 934 F.2d 1064, 1084 (9th Cir. 1991).

Under the alternative test, the moving party may meet the burden by showing either (1) probable success on the merits and the possibility of irreparable injury, or (2) that serious questions are raised and the balance of hardships tips sharply in the moving party's favor.  Id.; Associated Gen. Contractors of Cal., Inc. v. Coalition for Economic Equity, 950 F.2d 1401, 1410 (9th Cir. 1991),

---

[1] Notably, the standards for issuance of a temporary restraining order are at least as exacting as those for a preliminary injunction.  Los Angeles Unified Sch. Dist. v. United States Dist. Court for the Cent. Dist. of Cal., 650 F.2d 1004, 1008 (9th Cir. 1981).

3 - ORDER

cert. denied, 503 U.S. 985 (1992). "These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." Prudential Real Estate Affiliates v. PPR Realty, Inc., 204 F.3d 867, 874 (9th Cir. 2000).

## DISCUSSION

In this case, plaintiff claims that: (1) there is a conspiracy to commit murder in the MCDC; (2) he is being assaulted by guards; and (3) he is afraid for his life. However, beyond his own assertions that some guards are harassing and assaulting him, petitioner sets forth no evidence supporting these claims. Consequently, the court is left to agree with defendants that without more evidence and/or more specific allegations supporting his claims, the probability of plaintiff succeeding on the merits of his civil rights action is low.

The court turns next to the question of whether plaintiff has sufficiently demonstrated the possibility of irreparable harm if preliminary relief is not granted here. In addition to its examination of plaintiff's submissions, the court considered the sworn affidavits of Captain Linda Yankee (Captain of the Multnomah County Sheriff's Office and Facility Commander of the MCDC) and James Edward Bane, M.D. (Multnomah County Corrections Health physician). Defendants' Response to Plaintiff's Request for

4 - ORDER

Temporary Restraining Order (#14), Attachment 1, pp. 1-3; Attachment 2, pp. 1-2.

In her affidavit, Captain Yankee attested that she was provided with a copy of the court's Order (#4) and that she personally inquired into the circumstances surrounding plaintiff's claims. According to Captain Yankee, plaintiff has filed "numerous claims asserting various transgressions by [her] staff," but that he has offered no facts, such as witnesses or actual injury, to support these claims." Captain Yankee acknowledged that plaintiff reported to corrections health that he got his hand caught in the food port. She attested that corrections health took an X ray which came back negative, and that plaintiff no longer wears a splint. Finally, Captain Yankee attested that she has no record or grievance of plaintiff claiming that he suffers from a terminal illness or any other medical condition that prevents him from drafting court documents.

In his affidavit, Dr. Bane confirmed that corrections health saw plaintiff when he complained of getting his hand caught in the food port. Dr. Bane attested that an X ray showed no fracture and that plaintiff was given a splint for an indefinite period. Dr. Bane further attested that on a followup visit plaintiff's hand seemed fine and his splint was taken from him. Finally, Dr. Bane attested that he is unaware of any condition that restricts plaintiff's ability to write.

Based on the foregoing, the court finds that plaintiff has failed to meet his burden of demonstrating probability of success on the merits in his civil rights action or the possibility of irreparable injury. Accordingly, plaintiff's Motion for Temporary Restraining Order is denied.

Furthermore, the court finds that preventing Level 5 disciplinary status inmates from creating fire hazards with paper or from turning pencils into weapons is a legitimate penological interest. In addition, the evidence here, including plaintiff's submission of numerous letters, motions and other filings with this court, supports the conclusion that plaintiff does not suffer from any condition preventing him from drafting legal documents, or from adequately accessing the courts. Accordingly, plaintiff's Motion for Unlimited Access to Pencil and Paper is also denied.

## **CONCLUSION**

Plaintiff's Motion for a Temporary Restraining Order (#1) and Motion for Unlimited Access to Pencil and Paper (#9) are DENIED. IT IS SO ORDERED.

DATED this __7__ day of September, 2006.

/s/Ancer L.Haggerty
Ancer L. Haggerty
United States District Judge